N. H. Ellicott, Adm'r of Samuel Ellicott, *vs.* B. H. Ellicott.—*December* 1845.

Where a testator devised his estate to his children, share and share alike, but declared, that if his son should elect to carry on the business in which the father was then engaged, he should have for that object his entire estate, and in that event, pay his brothers and sisters, at a valuation which the will directed to be made; and the son so elected, and took the estate, all the debts being paid, the testamentary bond of the executor is discharged.

APPEAL from the Orphans Court of *Baltimore* county.

On the 28th February 1845, *Benjamin H. Ellicott* filed his petition, alleging, that in March 1839, *William E. George* died, leaving a last will, devising his estate to all his children; but directed, that if his son, *Philip T. George*, desired to carry on the business in which the testator was engaged, he should have his whole real and personal property for that purpose, being accountable to his brothers and sisters for their shares; and constituted *Eliza George, P. T. George*, and said *Benjamin H. Ellicott*, his executors; that the two latter only qualified, and gave as securities, *Samuel, Andrew*, and *J. H. Ellicott*; that *P. T. G.*, elected to take the real and personal estate, in accordance with the power of the will; that *Samuel Ellicott*, one of the sureties, aforesaid, died on the 13th December 1842, intestate, leaving a valuable real and personal estate, and seven children, of whom the petitioner is one; that *Nathaniel H. Ellicott*, one of his brothers, administered upon his father's estate. Prayer, that *N. H. E.* may distribute that estate.

The answer of *Nathaniel H. Ellicott*, alleged, that he did not insist, that the estate of his intestate must be held as security, for the faithful performance, by the executors, of *W. E. G.*, for their duties as such, but that such view of the responsibility of the estate of his intestate is taken by others; that he has been informed that able counsel are of that opinion; that a distribution of his intestate estate has not been made, is to be attributed, exclusively, to the circumstances stated in the petition, and this answer.

A second petition was filed by *John D. Early and wife*, legatees and distributees of *William E. George*, alleging, that they had not been paid, and that a large balance was due them; that they have sued the executors of *W. E. G.*, and their securities, for the money due them; that their action was then pending; that the estate of *Samuel Ellicott* was still liable to them. Prayer, that the distribution of his estate may be restrained, till the further order of the court, and for general relief, &c.

The will of *W. E. George*, amongst others, contained the following clauses :—

"I devise all my real and personal estate, wheresoever situated, to my children, *Eliza, Philip T., Ann, Jonathan E., Robert, Sarah H., Francis E., Mary Ann,* and *William E. George*, their, and each of their heirs and assigns, share and share alike."

"It is further my will and desire, that my real estate, and personal estate, shall not be sold, but that the value of the personal property and estate, and debts, shall be ascertained in the usual manner, and by appraisement, and the value of my real estate by my executors."

"It is further my will, that if my son, *P. T. G.,* desires to carry on the business in which I am now engaged, he shall have *the whole of my real and personal estate,* for that purpose, being accountable to his brothers and sisters for their shares of my estate, in the following manner; that is to say, he shall pay to my daughters, *Eliza* and *Ann,* immediately after my decease, and to my other children, as he or she shall arrive, if males, at the age of twenty-one, and if females, at the age of eighteen years, such sum as shall be equal to one-ninth part of my whole estate, the value thereof estimated as aforesaid, excluding, however, from participating in such valuation, my son, *P. T. G.,* whom I intend making one of my executors."

"It is further my will, that if my son *Philip* shall elect to carry on my business, as aforesaid, and pay to his brothers and sisters as above particularly provided for, then he shall have to himself, his heirs and assigns, the whole of my said estate, real and personal, to dispose of as he pleases."

The election of *P. T. G.,* to carry on his father's business, and take the estate at the appraisement under the will, dated 8th August 1839, was filed in the Orphans court.

It was admitted, that the debts due from *W. E. George,* were paid by his executor, *P. T. G.;* that the debts due from *Samuel Ellicott* were paid.

The Orphans court, (KEMP, C. J., and READEL, A. J.,) decreed, that the said *P. T. G.,* having made his election under his father's will to take his estate, the testamentary bond

on that estate was not responsible to his children; that no part of the estate of *Samuel Ellicott*, ought to be retained to meet liability on that bond, and that *N. H. Ellicott*, administrator, proceed to distribute and deliver up the personal estate of his intestate, *Samuel*, &c.

From this decree, *N. H. Ellicott*, administrator, appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, MAGRUDER and MARTIN, J.

By R. JOHNSON for the appellants, and
By G. L. DULANY for the appellee.

MAGRUDER, J., delivered the opinion of this court.

This was an application by the defendant, one of the representatives of *Samuel Ellicott*, to order the administrator of the latter, to make a distribution of his estate. The administrator appeared, and in his answer objects to the distribution, upon the ground, that his intestate was security in the bond given by the executors of one *William E. George*, and as such, may be answerable to a large amount.

Upon the same ground, the distribution of the estate of *Samuel Ellicott*, is resisted by one of the children, and a legatee of the said *George*. Upon no other ground is the distribution opposed. Indeed, it is admitted, that all other claims against *S. Ellicott*, except to a very inconsiderable amount, have been discharged.

The will of *George* is introduced into the record, which also furnishes evidence, that *Philip T. George*, the executor, has accepted of the estate, upon the terms mentioned in that will. This court is of opinion, that the children of *William E. George*, have no claim on the bond given by his executor, and, therefore, the matters stated in the answer, furnish the executor with no reason for delaying to distribute the estate of the said *Samuel Ellicott*.

DECREE AFFIRMED WITH COSTS.